22-3235-cv, 23-11-cv, 23-938-cv
United Realty Advisors, LP v. Verschleiser

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-four.

PRESENT:  REENA RAGGI,
                      RICHARD C. WESLEY,
                      RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

------------------------------------------------------------------
UNITED REALTY ADVISORS, LP,
JACOB FRYDMAN, PRIME UNITED
HOLDINGS, LLC,

      *Plaintiffs-Appellees*,

    v.                                                                          Nos. 22-3235-cv,
                                                                                        23-11-cv, 23-938-
                                                                                        cv

    ELI VERSCHLEISER,

      *Defendant-Appellant*,

    RAUL DEL FORNO, OPHIR

PARNASI, ALEXANDRU ONICA, ALEX VEEN, SOFIA SVISCH, ALEXANDER MERCHANSKY, MULTI CAPITAL GROUP OF COMPANIES, L.L.C., ERIC FISCHGRUND, FRANK CHANDLER, CAESARS ENTERTAINMENT CORPORATION, ALBERT AKERMAN, DAVID O. WRIGHT, ASHER GULKO, THE FISHOFF FAMILY FOUNDATION, BENJAMIN FISHOFF, STEVEN VEGH, JAFFA HOLDINGS, LLC, ELAN JAFFA, WHITEGATE FUNDING, LLC, PINCUS RAND, MARK APPEL, JOSEPH SPIEZIO, INTERMEDIA.NET, INC.,

*Defendants.*

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLEES:  No appearance

FOR DEFENDANT-APPELLANT:  Asher C. Gulko, Gulko Schwed LLP, Cedarhurst, NY, Stuart S. Zisholtz, Zisholtz & Zisholtz, LLP, Mineola, NY

Appeal from a judgment and order of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the District Court are AFFIRMED.

Defendant-Appellant Eli Verschleiser appeals from the November 28, 2022 judgment and May 18, 2023 order of the United States District Court for the Southern District of New York (Koeltl, *J.*), entered after a jury verdict finding Verschleiser liable for violating federal racketeering and computer hacking statutes and committing various state law torts. Verschleiser was also ordered to pay $2,133,007 in damages and $1,101,899.04 in prejudgment interest, for a total of $3,234,906.04. On appeal, Verschleiser challenges (1) the amount of compensatory damages awarded; (2) the award of punitive damages; (3) the award of prejudgment interest; and (4) the failure to award him costs incurred after he purportedly made a favorable settlement offer pursuant to Federal Rule of Civil Procedure 68. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Duplicative Compensatory Damages Award

In considering a jury's damages award, we "accord substantial deference to the jury's determination of factual issues." *Dancy v. McGinley*, 843 F.3d 93, 99 (2d Cir. 2016) (quotation marks omitted). Here, the jury determined that Verschleiser violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68; Computer Fraud and Abuse Act, 18 U.S.C. § 1030; Electronic Communications Privacy Act, 18 U.S.C. § 2511; and Stored Communications Act, 18 U.S.C. §§ 2701, 2707. The jury also found him liable for misappropriation of trade secrets, breach of contract, tortious interference with existing contractual relations, tortious interference with prospective business relations, and conversion under New York law. The $2,133,007 in damages (excluding prejudgment interest) that it awarded reflected $33,000 in compensatory damages for violating two of the three federal computer hacking statutes; $1.4 million in compensatory damages for misappropriating trade secrets; $1 in nominal damages for the RICO violations (trebled to $3) and each of the other state law claims; and $700,000 in punitive damages.

Relying primarily on *Wickham Contracting Co. v. Board of Education*, 715 F.2d 21 (2d Cir. 1983), Verschleiser challenges the jury award of compensatory

4

damages for the injuries underlying the computer hacking and misappropriation claims. In *Wickham Contracting*, we reasoned that when a plaintiff seeks compensation "for the same illegal acts under different legal theories," he should receive "a single recovery." *Id.* at 28. Nevertheless, "[a] jury's award is not duplicative simply because it allocates damages under two distinct causes of action." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995). Here, Verschleiser argues that the compensatory damages award was duplicative because RICO claims for which the jury awarded only nominal damages subsumed the computer hacking and misappropriation claims.

We disagree. To start, both the District Court's instructions and verdict sheet explicitly cautioned the jury not to award duplicative damages for the same injury. The jury then awarded compensatory damages for the computer hacking and misappropriation claims that align precisely with the trial evidence regarding Plaintiffs-Appellees' losses related to specific transactions and events. Moreover, the RICO claims were based on six predicate acts of mail fraud or wire fraud. The record does not compel the conclusion that the computer hacking and misappropriation offenses were merely predicate acts under RICO or that the jury necessarily relied on those offenses in finding Verschleiser liable for the mail

5

or wire fraud predicates. *See id.*; *Gentile v. County of Suffolk*, 926 F.2d 142, 153–54 (2d Cir. 1991) (holding jury did not award duplicative damages where "plaintiffs presented substantial evidence . . . [of] multiple injuries as a result of the violation of their rights under state and federal law"); *see also Morse v. Fusto*, 804 F.3d 538, 552 (2d Cir. 2015). We see no reason to conclude that the jury awarded $1 in nominal RICO damages and then added $1,433,000 in compensatory damages for the computer hacking and misappropriation claims based on the same injury. *See Indu Craft*, 47 F.3d at 497.

## II.     Punitive Damages

Verschleiser next challenges the punitive damages award as excessive. Again, we disagree. To determine whether a punitive damages award is excessive, we consider: "(1) the degree of reprehensibility of the tortious conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases." *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006) (quotation marks omitted). Here, the award — less than half of the compensatory damages award — was reasonable given the evidence adduced at trial. *See Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 87 & n.10 (2d Cir. 2007); *see*

6

*also Jennings v. Yurkiw*, 18 F.4th 383, 392 (2d Cir. 2021) ("Even where compensatory damages are substantial, punitive damages awards that are a multiple higher may be warranted because of the deterrent function of punitive damages.").

### III.    Rule 68 Offer

Finally, Verschleiser challenges the final judgment based on a $2.5 million settlement offer he claims to have extended before trial under Rule 68, which provides that if a party receives and rejects an offer of judgment but "finally obtains" a judgment that is "not more favorable than the unaccepted offer," that party must "pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Verschleiser argues that the District Court should have shifted costs he incurred after May 1, 2018 — the date the offer was purportedly made — to the Plaintiffs-Appellees. We are not persuaded, however, because Verschleiser failed to provide sufficient evidence that he ever made such an offer of judgment. Indeed, before the District Court, counsel for the Plaintiffs-Appellees disclaimed that such an offer was ever made.[1]

---

[1] Because Verschleiser has not shown that he made the relevant Rule 68 offer, we decline to consider his argument that prejudgment interest should not have been assessed after the alleged offer was made. Verschleiser's remaining challenge to the prejudgment interest award

We have considered Verschleiser's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

based on a lack of actual damages finds no support in the record, which contains ample evidence of damages.